UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SACHISKIN PTE, LTD.,<br><br>                                 Plaintiff(s),<br><br>    - *against* –<br><br>SEEMARK BRANDS, INC. d/b/a CURRENT STATE, and EMILY PARR d/b/a CURRENT STATE,<br><br>                                Defendant(s). | Civil Action No: 1:23-cv-03998<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**<br><br>**Hon. Jesse M. Furman** |

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     (A) Counsel for any party may designate, pursuant to Section 3 below, any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      (B) Counsel for any party may designate, pursuant to Section 3, any document or information, in whole or in part, as "Highly Confidential – Outside Counsel's Eyes Only – Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that represents an unreasonable risk of intentional or inadvertent disclosure of: (a) proprietary and confidential marketing and business plans, analyses, and strategies that the other parties could utilize to their competitive advantage if they were provided access to them; (b) proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and (c) other types of proprietary and confidential trade secrets such as lists of customers not publicly known; technical information; pricing, cost, and profitability information; and product research and development plans either not publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage. Information and documents designated by a party as Highly Confidential – Outside Counsel's Eyes Only – Information will be stamped "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," and shall include all information referring or relating to any of the foregoing, including, but not limited to, copies, summaries, and abstracts of the foregoing.

(C) The Confidential Information and Highly Confidential – Outside Counsel's Eyes Only – Information shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by, or came into the possession of, the non-designating party prior to the entry by the Court of this Order.

2. The Confidential Information and Highly Confidential – Outside Counsel's Eyes Only – Information disclosed and/or produced in this matter will be held and used by the person receiving such information solely for use in connection with the action.

3. (A) In the case of documents and other tangible things, the designating party shall mark such matters "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" at or prior to the time of production and in a manner so as not to interfere with the legibility of the documents, on each page containing such information to which the designation applies. All documents and, to the extent practical, tangible things produced shall be identified by Bates number and the appropriate confidentiality legend shall be placed near the Bates number. Documents produced in native format will be designated by adding the letters "CI," for Confidential Information or "OCEO" for Highly Confidential – Outside Counsel's Eyes Only – Information to the end of the Bates number in the file name of the native document, as produced.

(B) In the case of depositions, counsel for the designating party shall state on the record that the deposition or a specified portion thereof involves the designating party's Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information, or so advise all counsel within fourteen (14) days of receipt of the final transcript. From the date of the deposition until the end of this 14-day period, all deposition transcripts and the information contained therein shall be deemed Highly Confidential – Outside Counsel's Eyes Only – Information. Counsel for the designating party shall have the right to exclude any person who is not authorized by this Order from attending any deposition and from receiving the designated protected information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to such designated protected information.

(C) Third parties producing information in the course of this action may also designate such information as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information subject to the same protections and constraints on the parties. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. A third party's use of this Order to protect its own information does not entitle it to access any information produced by any party to this action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential – Outside Counsel's Eyes Only - Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential – Outside Counsel's Eyes Only - Information.

5. (A) Information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Outside Counsel for any party in this action, and Outside Counsel's partners, associates, legal assistants, document clerks, secretaries, stenographers, other office or clerical personnel, and other Outside Counsel employees involved in this action. As used herein, "Outside Counsel" shall mean attorneys who are not officers, directors, shareholders, or employees of a party to this action but are independent attorneys retained to represent or advise a party to this action and have appeared in this action on behalf of that party;

   b. Outside photocopy, imaging, database, e-discovery, graphics, jury consultants, translation, and design servicers retained by the Outside Counsel set forth above in Section 5(A)(a), to the extent necessary, to assist such outside counsel in this litigation;

   c. Not more than two (2) representatives of the receiving party who are officers or employees of the receiving party, who may be, but need not be, in-house counsel, to whom disclosure is reasonably necessary for this case, except that any party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

   d. Independent outside consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that (i) such persons are informed of the confidential nature of the information or documents and that this Court has enjoined the user of the information or documents by him/her for any purpose other than this action and has enjoined the disclosure of the information or documents to any other person; (ii) such persons agree to be bound by the provisions of this Order and have executed the Agreement in the form attached hereto as Exhibit A; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Section 6 below. The administrative and clerical staff of an independent outside consultant or expert shall be deemed to have signed the undertaking in the form attached hereto as Exhibit A when the independent outside expert or consultant supervising such individuals has executed the undertaking;

   e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    f.  Any person who appears from the face of the document to have previously received it, for example as an addressee or copyee, or from whose files it was produced; and

    g.  Any other person(s) as to whom the parties mutually agree in writing or on the record in a deposition.

  (B)  Information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall not be disclosed to any person, except individuals listed in Sections 5(A)(a)-(b) and (d)-(g) of this Order.

  6.  A party wishing to disclose to a consultant or expert information designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" Information by the other party shall first give written notice to the party whose so-designated information it desires to disclose. The party receiving such notice shall have five (5) business days from receipt to object in writing to such disclosure. Any objection under this paragraph shall be made in good faith and on reasonable grounds and shall take the form of a detailed writing sufficient to apprise the party proposing the disclosure of information of the specific bases for objection. Failure to object within five (5) business days of receiving a written notice pursuant to this paragraph shall be deemed approval, and such person shall thereafter be authorized to have access to the objecting party's "Confidential" and "Highly Confidential – Outside Counsel's Eyes Only" Information pursuant to the terms and conditions of this protective order. The written notice shall contain the following information about the proposed expert or consultant:

    a.  business address;

    b.  business title;

    c.  business or profession;

    d.  any and all previous or current professional relationship(s) with any of the parties, any known competitors of the party whose material is proposed to be disclosed, or any of their related entities. To the extent that specific identification of a consultant's client cannot be provided due to a confidentiality agreement or otherwise, the parties will provide sufficient disclosure that any party producing Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information under this protective order can reasonably assess any concerns regarding the disclosure of such information to such consultant;

    e.  a current curriculum vitae showing employment/consulting history, publications, and prior testimony for the past four years; and

    f.  a copy of the undertaking in the form attached hereto as Exhibit A as signed by the consultant or expert.

Should the parties be unable to resolve the objection, the party objecting shall raise this matter with the Court and request an Order prohibiting such individual's access to the objecting party's Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information. The party proposing disclosure of information shall not disclose any Confidential or Highly Confidential –

Outside Counsel's Eyes Only – Information of the objecting party to the proposed expert or consultant during the period for objection, nor during the pendency of any request made to the Court in accordance with this paragraph. No party shall use its right to object to a proposed designee to interfere with the ability of a party to reasonably prepare for trial, and consent to the disclosure of information shall not unreasonably be withheld. In the event the parties are unable to resolve any such objection, the disclosing party shall have the burden of proof and the burden of persuasion with respect to whether the objection should be sustained.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure. The producing party shall use best efforts to redact PII with the text "Redacted – PII" over the redacted portion of the PII.

8. (A) Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity, provided that the designating party notifies the party in receipt of such material, in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall be returned promptly to the designating party or destroyed immediately upon request. Any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged material shall immediately be destroyed. Any receiving party destroying any information pursuant to this Section shall provide express written confirmation to the producing party upon such destruction. Unless otherwise obtained through legitimate means, no use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party in order for such party to avail itself of the provisions of this Section.

(B) The inadvertent failure to designate Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material, provided that the Designating party notifies the party in receipt of such material, in writing, promptly after discovery of such inadvertent failure to designate. A party receiving such notice must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order to the extent practicable, and shall use its best efforts to obtain all disclosed copies of such material and advise the designating party of the identity of any persons to whom such material is disclosed who would not be entitled to receive such material under this Order. The designating party may advise such persons of the terms of this Order and request that such persons sign the Agreement attached hereto as Exhibit A. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this Section. However, disclosures made in good faith by a party receiving such materials, which disclosures were made before the designation of the material as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information shall not be a breach of this Order.

9. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. This Order shall not prevent a party from applying to the Court for relief therefrom. In particular, this Order shall not foreclose any party from moving the Court for an order that information should not have been designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information. On such motion, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order. Unless and until the Court rules that the material in question is not properly designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information, the designated information shall continue to be treated as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information pursuant to the terms of this Order. This Order also shall not foreclose any party from applying to the Court for further or additional protective orders, or from obtaining a written agreement by all parties for the modification of this Order, subject to the approval of the Court.

11. Nothing in this Order shall require a party or its counsel to treat as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information produced by it in this action, and nothing in this Order shall prevent a party or its counsel from disclosing its own protected information to any person.

12. At the conclusion of litigation, Confidential Information and Highly Confidential - Outside Counsel's Eyes Only – Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This Order shall survive the final termination of this case except to the extent that the protected information is or becomes known to the public not due to any unauthorized act or omission by any of the parties.

13. If any party receives a subpoena or demand in another action or other compulsory process commanding production of information designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information that a party has obtained under the terms of this Order, counsel for such party shall, if there are ten (10) or fewer days to comply, within two (2) business days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the designating party in writing, and shall not produce the information designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only – Information until the designating party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the designating party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the designating party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

SO STIPULATED AND AGREED.

Dated: December  7 , 2023
New York, New York

| KING & SPALDING LLP | GREENBURG TRAURIG LLP |
|---|---|
| /s/  Rose Jones | /s/  Nigamnarayan Acharya |
| Rose Jones (*Pro hac vice*) | Nigamnarayan Acharya (*pro hac vice*) |
| 1180 Peachtree Street NE | Terminus 200 |
| Suite 1600 | 3333 Piedmont Road NE |
| Atlanta, GA  30309 | Suite 2500 |
| Telephone: (404) 215-5828 | Atlanta, GA 30305 |
| rjones@kslaw.com | acharyan@gtlaw.com |
| | Tel.: (678) 553-2357 |
| Katherine McCarthy | |
| Alvin Lee | Justin A. MacLean |
| 1185 Avenue of the Americas | justin.maclean@gtlaw.com |
| 34th Floor | Elana B. Araj |
| New York, NY 10036-2601 | elana.araj@gtlaw.com |
| Telephone: (212) 556-2100 | Kathryn E. Albanese |
| kmccarthy@kslaw.com | katie.albanese@gtlaw.com |
| alvin.lee@kslaw.com | One Vanderbilt Avenue |
| | New York, NY 10017 |
| Richard Groos (*Pro hac vice*) | Tel.: (212) 801-9200 |
| Kassi Burns (*Pro hac vice*) | |
| 500 W. 2nd Street | ***Counsel for Defendants*** |
| Austin, Texas 78701 | Seemark Brands, Inc. |
| Telephone: (512) 457-2100 | Emily Parr |
| rgroos@kslaw.com | |
| kburns@kslaw.com | |
| | |
| ***Counsel for Plaintiff*** | |
| Sachiskin PTE Ltd. | |

The Clerk of Court is directed to terminate ECF No. 45.

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

SO ORDERED,

JESSE M. FURMAN
United States District Judge

December 7, 2023

7

**EXHIBIT A**

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Sachiskin Pte, Ltd. v. Seemark Brands, Inc.,</u> Case No. <u>1:23-cv-03998 (S.D.N.Y.) (the "Action")</u> have been designated as confidential. I have carefully read and understand the provisions of the Protective Order in the Action, agree to be bound by its terms, and submit to the jurisdiction of the Court in this Action for purposes of enforcement of the Protective Order. I have been informed that any such documents or information disclosed to me labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__

_____        _____
Name (printed)                                              Signature

Signed in the presence of:

_____
(Attorney)